**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51058**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 5, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JUSTIN DEAN PETERSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge; Hon. John T. Mitchell, District Judge.

Judgment of conviction and sentence, order relinquishing jurisdiction, and order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

Justin Dean Peterson pled guilty to felony driving under the influence, Idaho Code §§ 18-8004, -8005(6). The district court imposed a unified sentence of ten years, with a minimum period of incarceration of five years, and retained jurisdiction. After Peterson completed his rider, the district court relinquished jurisdiction. Peterson motioned for an Idaho Criminal Rule 35 reduction of sentence at his jurisdictional review hearing, which the district court denied. Peterson appeals, claiming the district court erred by: (1) imposing an excessive sentence; (2) relinquishing jurisdiction following his rider; and (3) denying his I.C.R. 35 motion.

1

First, sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and did not abuse its discretion by imposing sentence or by determining that probation was not appropriate.

Second, following a period of retained jurisdiction, we note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate following the retained jurisdiction. Peterson has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Finally, a motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted, we conclude no abuse of discretion has been shown.

Therefore, Peterson's judgment of conviction and sentence, order relinquishing jurisdiction, and order denying Peterson's I.C.R. 35 motion are affirmed.